IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 03-cv-00908-RPM

UNITED STATES OF AMERICA,

                Plaintiff,

v.

RONALD R. DAWURSK;
MARIANNE WILSON, as Trustee of Dolphin Trust; and
MARIANNE WILSON, as Trustee of Jade Trust;
JUDITH DAWURSK, a/k/a JUDITH ENGLUND

                Defendants.

FINDINGS AND CONCLUSIONS AND
ORDER TO SHOW CAUSE WHY DEFAULT JUDGMENT SHOULD NOT ENTER

The United States of America ("United States" or "the plaintiff") commenced this action on May 19, 2003, to reduce to judgment certain tax liabilities assessed against Ronald R. Dawursk and to foreclose federal tax liens against six properties in which he has an interest. The six properties (collectively "the Subject Properties") are a residence in El Paso County, Colorado ("the Residence") and five parcels of unimproved land in Park County, Colorado (the "Park County Properties"). The original complaint asserted claims against four defendants: Ronald R. Dawursk; Marianne Wilson, as Trustee of the Dolphin Trust; Marianne Wilson, as Trustee of the Jade Trust, and the State of Colorado Department of Revenue.

Personal service of process was effected on Marianne Wilson, as trustee of the Dolphin and Jade Trusts, on November 2, 2003. The court authorized the plaintiff to serve process on Ronald R. Dawursk by publication. That service was completed by January 6, 2004.

The Colorado Department of Revenue disclaimed any interest in the subject matter of this action. The plaintiff's claims against the Colorado Department of Revenue were dismissed on the plaintiff's motion.

Defendants Ronald R. Dawursk and Trustee Marianne Wilson did not respond to the complaint. The clerk entered default against defendant Ronald R. Dawursk on April 14, 2004. The clerk entered default against defendant Marianne Wilson, as Trustee of Dolphin Trust on April 20, 2004, and against Marianne Wilson, as Trustee of Jade Trust, on April 23, 2004.

On December 2, 2004, the plaintiff moved for default judgment, supporting its motion with the Declaration of Rickey Watson, an attorney with the United States Department of Justice ("Watson Decl.," Doc. 24). Exhibits 1 through 19 to the Watson Declaration include copies of IRS Form 4340, showing assessments and payments relating to the tax liabilities of Ronald R. Dawursk for the tax years 1994 through 1998 (exhibits 1-5); Notices of Federal Tax Liens filed in the Office of the Clerk and Recorder for El Paso County, Colorado, and in the Office of the Clerk and Recorder for Park County, Colorado (exhibits 6-10), and deeds filed in those county records showing various conveyances of interests in the Subject Properties (exhibits 11-19).

The defendants did not respond to the plaintiff's motion. On January 26, 2005, an evidentiary hearing was held before Magistrate Judge Patricia A. Coan. The defendants did not appear at that hearing. On April 20, 2005, the Magistrate Judge issued a written recommendation, recommending that the plaintiff's motion for default judgment be granted.

Because this court determined that the recommendations of the Magistrate Judge were not supported by sufficient factual findings, the plaintiff's motion for default judgment was set for another hearing, which was held on May 31, 2005. None of the defendants appeared at the hearing. The court continued the hearing to July 22, 2005, and directed the plaintiff to submit a verification of title records, along with a proposed order for sale. On July 7, 2005, the plaintiff withdrew its motion for default judgment.

On February 7, 2006, the plaintiff filed a renewed motion for default judgment against Ronald R. Dawursk and the two Trusts. That motion was supported by the declaration of Diane Phillips, an IRS Revenue Agent, stating the tax liability of Ronald R. Dawursk as of January 16, 2006 ("the first Phillips Decl."). A hearing on that motion was held on March 20, 2006. None of the defendants appeared. The court ordered the plaintiff to submit a current title check, proposed findings and conclusions, and a proposed order and judgment.

On July 21, 2006, the plaintiff submitted proposed findings, a proposed order, and a declaration of Terry Williams, an officer with First American Heritage Title Company ("Williams Decl.," Doc. 53). Exhibit 1 to the Williams Declaration is a title report dated April 5, 2006, relating to the Residence. On July 21, 2006, the plaintiff also moved to supplement the complaint to add Judith A. Dawursk as a defendant. Judith A. Dawursk is the wife of defendant Ronald R. Dawursk.

On September 1, 2006, the court held a hearing on the pending motions. None of the defendants appeared. At that hearing, the court granted in part the plaintiff's motion for leave to supplement the complaint, thereby adding Judith A. Dawursk as a party to the claims involving the Residence. On that same date, the court granted default judgment with respect to the Park

County Properties. The court ordered the plaintiff to submit a complete title check of all the properties, a declaration of all known aliases used by the Dawursk defendants, a supplemental complaint limited to the Residence, proposed findings and conclusions specific to the Park County Properties, and a proposed order detailing the procedure for the sale under the relevant statutes, naming the officer to conduct the sale, prescribing the form of notice of the sale, and attaching a declaration of the status of the title.

On September 29, 2006, the plaintiff submitted a status report. It also filed a second declaration of Diane Phillips, stating the known aliases used by the Dawursk defendants (the "Second Phillips Decl.," Doc. 61) and a declaration of Ginger Dyer, an officer with Security Title Guaranty Company ("Dyer Decl.," Doc. 62). Exhibit 1 to the Dyer Declaration is a title report for the Park County Properties as of August 14, 2006.

A second supplemented complaint, which included Judith A. Dawursk as a defendant, was filed on December 5, 2006. The plaintiff does not contend that Judith A. Dawursk is liable for the taxes assessed against Ronald R. Dawursk. She was added as a defendant because she had or has an ownership interest in the Subject Properties. Personal service was effected on Judith A. Dawursk on May 23, 2007. She did not respond to the complaint. The clerk entered default against Judith A. Dawursk on August 31, 2007.

On December 21, 2007, the plaintiff moved for default judgment, seeking the following relief:

(1) entry of default judgment against defendant Ronald R. Dawursk, reducing to judgment the outstanding tax assessments against him for the tax years 1994, 1995, 1996, 1997, and 1998;

(2) entry of default judgment against the defendant Dolphin Trust, Marianne Wilson, trustee, determining that the Dolphin Trust has no interest in the Subject Properties, or determining that the interests of the United States in the Subject Properties are superior to the interests, if any, held by the Dolphin Trust;

(3) entry of default judgment against the defendant Jade Trust, Marianne Wilson, trustee, determining that the Jade Trust has no interest in the Subject Properties, or determining that the interests of the United States in the Subject Properties are superior to the interests, if any, held by the Jade Trust;

(4) entry of default judgment against defendant Judith A. Dawursk, determining that her interest in the Subject Properties are subject to the United States' federal tax liens, with the exception of her 25% interest in the Residence, and

(5) an order authorizing foreclosure of the federal tax liens against the Subject Properties.

In support of its motion, the plaintiff submitted another declaration of Diane Phillips, stating Ronald R. Dawursk's tax liabilities as of December 12, 2007 ("the Third Phillips Decl.," Doc. 81) and a declaration of Ernest Sell, a property appraiser, stating his opinion regarding the value of the six properties ("Sell Decl.," Doc. 82). The plaintiff's motion also relies on the facts set forth previously in the Watson Declaration, the Williams Declaration, the Second Phillips Declaration, the Dyer Declaration and documents attached to those declarations.

The defendants have not responded to the plaintiff's motion for default judgment.

Upon consideration of the plaintiff's motion for default judgment and supporting memorandum, the record in this action, including the declarations and documents attached to the pleadings, the court finds and concludes as follows:

Subject Matter Jurisdiction, Personal Jurisdiction, Venue

This court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1340 and 1345, and 26 U.S.C. §§ 7402 and 7403. Personal jurisdiction is proper in this court because all defendants reside in this district. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1396 because the liabilities that are the subject of this action accrued in this district, because the defendants reside in this district, and because the Subject Properties are located in this district.

Default and Default Judgment

Service was properly effected on each of the defendants. The defendants have failed to plead or otherwise defend. The plaintiff has submitted declarations stating that the defendants are not incompetent or infants and, to the knowledge of the plaintiff, are not in the military service of the United States of America within the purview of the Soldiers' and Sailors' Civil Relief Act. The clerk had entered default against each of the defendants pursuant to Fed. R. Civ. P. 55(a).

Ronald R. Dawursk has filed documents in the court record. *See* Verified Statement of Right with Memorandum, filed May 20, 2005, Doc. 34, and Statement of Right, filed Sept. 29, 2006, Doc. 64. Those documents do not comply with the Rules of Civil Procedure or the Local Rules of this court and do not constitute responses to the allegations and claims stated in the complaint. They have no relevance to the plaintiff's claims. Copies of orders sent by mail from the court to Mr. Dawursk have been returned, marked "Return to Sender." Judgment by default is appropriate. Fed. R. Civ. P. 55(b)(2).

Entry of monetary judgment against Ronald R. Dawursk

The plaintiff has submitted copies of Certificates of Assessments and Payments reflecting assessments made against Ronald R. Dawursk for his tax liabilities for the years 1994, 1995, 1996, 1997 and 1998. (Watson Decl. ¶¶ 2 - 6, Exs. 1-5).

Certificates of assessments and payments are generally regarded as presumptive proof that the tax liabilities were properly assessed, that notices and demands for payment were properly sent, and that the taxpayer is liable for the unpaid taxes, penalties and interest shown on the certificates. *See Long v. United States*, 972 F.2d 1174, 1181 (10th Cir. 1992) ("[A] Certificate of Assessments and Payments is sufficient evidence that an assessment was made in the manner prescribed by § 6203 and Treas. Reg. 301.6203-1"); *Gentry v. United* States, 962 F.2d 555, 557 (6th Cir. 1992) ("Certificates of assessments and payments are generally regarded as being sufficient proof, in the absence of evidence to the contrary, of the adequacy and propriety of notices and assessments that have been made."); *Geiselman v. United States*, 961 F.2d 1, 6 (1st Cir.) (per curiam), *cert. denied*, 506 U.S. 891(1992) ("Certificates of Assessments and Payments are presumptive proof of a valid assessment.").

As the plaintiff has noted, there are minor misspellings of Ronald R. Dawursk's name on four of the five Certificates of Assessments. The plaintiff states that the liabilities were assessed under the correct social security number and sent to the correct address. The errors in the spelling of Ronald R. Dawursk's name do not affect the presumptive validity of the Certificates of Assessments.

In the absence of any evidence to rebut the presumption that the tax liabilities were properly assessed, the United States is entitled to judgment in its favor against Ronald R. Dawursk, reducing the tax assessments to judgment.

Statutory interest and other additions to tax have accrued such that Ronald R. Dawursk's outstanding federal tax liability as of December 12, 2007 is $1,705,820.03. (Third Phillips Decl.).

The plaintiff is entitled to judgment in its favor against Ronald R. Dawursk in the amount of $1,705,820.03, as of December 12, 2007, and such additional interest as continues to accrue pursuant to 26 U.S.C. § 6621, from December 12, 2007, until paid in full.

<u>Declarations regarding the plaintiff's and defendants' interests in the Subject Properties and authorization of foreclosure sales</u>

The plaintiff seeks determinations regarding the plaintiff's and defendants' interests in the Subject Properties and orders authorizing the plaintiff to proceed with foreclosure sales of the Subject Properties.

In applying a federal revenue act, state law controls in determining the nature of the taxpayer's legal interest in property, and federal law controls in determining the priority of a federal tax lien in relation to other claims to the property. *See United States v. Nat'l Bank of Commerce*, 472 U.S. 713, 722 (1985); *Aquilino v. United States*, 363 U.S. 509, 513-14 (1960); *United States v. Cache Valley Bank*, 866 F.2d 1242, 1244 (10th Cir. 1989). Priority for purposes of federal law is governed generally by the principle that "the first in time is the first in right." *United States v. McDermott*, 507 U.S. 447, 449 (1993); *United States v. City of New Britain*, 347 U.S. 81, 85 (1954).

A tax lien arises in favor of the United States on the date of assessment. 26 U.S.C. §§ 6321 & 6322. A federal tax lien attaches to "all property and rights to property belonging to such person at any time during the period of the lien, including any property or rights to property acquired by such person after the lien arises." 26 C.F.R. §301.6321-1; *McDermott*, 507 U.S. at 448 (citing *Glass City Bank v. United States*, 326 U.S. 265 (1945)). A lien imposed by section 6321 is not valid as against a purchaser, holder of a security interest, mechanic's lienor, or judgment creditor until a Notice of Federal Tax Lien has been filed with the appropriate state office. 26 U.S.C. § 6323(a). Colorado law provides, "Notices of liens upon real property for obligations payable to the United States and certificates and notices affecting the liens shall be recorded in the office of the county clerk and recorder of the county in which the real property subject to the liens is situated." C.R.S. § 38-25-102(1)(b).

*The Residence*

On July 17, 1990, a warranty deed was recorded in the Office of the County Clerk and Recorder for El Paso County, Colorado, conveying title of the following real property from George C. Hess, III and Barbara Jean Hess to Ronald R. Dawursk and Judith Dawursk in joint tenancy:

> Lot 17, BROADMOOR OAKS SUBDIVISION FILING NO. 3, in the City of Colorado Springs, El Paso County, Colorado, according to the plat thereof recorded in Plat Book C-4 at Page 107.

Purported Street Address:   95 Ellsworth Street.

The real property having this description is referred to herein as "the Residence."

On November 15, 1999, a delegate of the Secretary of the Treasury made assessments for federal individual income taxes, plus statutory penalties and interest, against Ronald R. Dawursk

for the 1994, 1995, and 1996 tax years. Pursuant to 26 U.S.C. §§ 6321 and 6322, liens arose in favor of the United States on that date and attached to all property and rights to property of Ronald R. Dawursk, including his interest in the Residence.

On April 7, 2000, a delegate of the Secretary of the Treasury recorded in the Office of the Clerk and Recorder for El Paso County, Colorado, a Notice of Federal Tax Lien with respect to the income tax and related assessments made against Ronald R. Dawursk for tax years 1995 and 1996.

On April 17, 2000, a delegate of the Secretary of the Treasury recorded in the Office of the Clerk and Recorder for El Paso County, Colorado, a Notice of Federal Tax Lien with respect to the income tax and related assessments made against Ronald R. Dawursk for tax year 1994.

On May 9, 2000, a quit claim deed was recorded in the Office of the Clerk and Recorder for El Paso County, Colorado, conveying an undivided one-half interest in the Residence from Ronald R. Dawursk to the Dolphin Trust, Marianne Wilson, Trustee.

On May 9, 2000, a quit claim deed was recorded in the Office of the Clerk and Recorder for El Paso County, Colorado, conveying an undivided one-half interest in the Residence from Judith A. Dawursk to the Jade Trust, Marianne Wilson, Trustee.

On November 12, 2001, a delegate of the Secretary of the Treasury made assessments for federal individual income taxes, plus statutory penalties and interest, against Ronald R. Dawursk for the tax years 1997 and 1998.

On July 3, 2002, a delegate of the Secretary of the Treasury recorded in the Office of the Clerk and Recorder for El Paso County, Colorado, a Notice of Federal Tax Lien with respect to

the income tax and related assessments made against Ronald R. Dawursk for the tax years 1997 and 1998.

On April 21, 2004, a warranty deed was recorded in the Office of the Clerk and Recorder for El Paso County, Colorado, conveying an undivided one-half interest in the Residence from the Dolphin Trust to "Ronald Richard and Judith Ann."

On April 21, 2004, a warranty deed was recorded in the Office of the Clerk and Recorder for El Paso, County, Colorado, conveying an undivided one-half interest in the Residence from the Jade Trust to "Ronald Richard and Judith Ann."

Ronald Richard and Judith Ann are aliases used by Ronald Richard Dawursk and Judith Ann Dawursk.

The federal tax liens for the 1994, 1995, and 1996 tax years arose and were perfected against Ronald R. Dawursk's 50% interest in the Residence prior to May 9, 2000, when a quit claim deed was recorded conveying that 50% interest to the Dolphin Trust. Thus, as to Ronald R. Dawursk's initial 50% interest in the Residence, the United States' federal tax liens attached to and have priority over any interest of the Dolphin Trust and also have priority over any subsequent transferee of its interest.

On May 9, 2000 – when Judith A. Dawursk transferred her 50% interest in the Residence to the Jade Trust – the United States' federal tax liens had not attached to the 50% interest then held by Judith A. Dawursk. On April 21, 2004, when the Jade Trust transferred its interest in the Residence to Ronald R. Dawursk and Judith A. Dawursk, this transfer resulted in Ronald R. Dawursk receiving one-half of the 50% interest previously held by the Jade Trust, or a new 25% interest in the total ownership of the property. When the Jade Trust transferred its

-11-

interest in the Residence to Ronald R. Dawursk and Judith A. Dawursk on April 21, 2004, the federal tax liens attached to the new interest that Ronald R. Dawursk acquired at that time.

The United States' federal tax liens encumber a 75% interest in the Residence, leaving Judith A. Dawursk with a 25% unencumbered interest. As set forth above, the plaintiff does not contend that Judith A. Dawursk is liable for the taxes owed by her husband.

The interests of the plaintiff in the Residence are superior to any interests that might be claimed by the Dolphin Trust and/or the Jade Trust. The Plaintiff's interests in the Residence are superior to those held by Judith A. Dawursk, with the exception of her 25% interest in the Residence.

The United States' federal tax liens against Ronald R. Dawursk's interest in the Residence have priority over any right of homestead exemption accorded to him under Colorado law pursuant to C.R.S. § 38-41-201. *See, e.g., Drye v. United States*, 528 U.S. 49, 59 (1999) (stating "exempt status under state law does not bind the federal collector," citing *United States v. Mitchell*, 403 U.S. 190, 204 (1971)).

In *United States v. Rogers*, 461 U.S. 677, 706 (1982), the United States Supreme Court concluded that "§ 7403 [of Title 26] does not require a district court to authorize a forced sale under absolutely all circumstances, and that some limited room is left in the statute for the exercise of reasoned discretion." Where, as here, a foreclosure sale of a residence would affect the interests of a spouse who is not liable for the delinquent taxes, the court must weigh equitable considerations such as the legal expectations of the nonliable spouse, the character of the relative property interests, and the Government's interest in the prompt collection of delinquent taxes. *See Rogers*, 461 U.S. at 709-10.

The evidence in the record weighs in favor of allowing the foreclosure sale of the Residence to proceed. The plaintiff has produced evidence showing the value of the Residence to be approximately $412,000. Judith A. Dawursk has a 25% interest in the Residence, and she will be adequately protected by her receipt of that portion of the sale proceeds.

The plaintiff is entitled to foreclose its federal tax liens against the Residence, subject to the 25% interest of Judith A. Dawursk.

*The Park County Properties*

On December 26, 1989, a warranty deed was recorded in the Office of the Clerk and Recorder for Park County, Colorado, conveying title of the following real property from LDS, Inc. to Ronald R Dawursk:

```
T10 R74 S22 SW4 35AC        TARRYALL GATE SUBDIVISION
Lot 1                       B0444 P0985 UL97 2502
Park County, Colorado       35.00-TOTAL ACRES
```

("First Park County Property").

On December 26, 1989, a warranty deed was recorded in the Office of the Clerk and Recorder for Park County, Colorado, conveying title of the following real property from LDS, Inc. to Ronald R. Dawursk:

```
T10 R74 S22 SE4 35.93AC     TARRYALL GATE SUBDIVISION
Lot 06                      B0444 P0990 UL97 2502
Park County, Colorado       35.93-TOTAL ACRES
```

("Second Park County Property").

On December 26, 1989, a warranty deed was recorded in the Office of the Clerk and Recorder for Park County, Colorado, conveying title of the following real property from LDS, Inc. to Ronald R. Dawursk:

| T 10 R74 S27 NE4 35.76AC | TARRYALL GATE SUBDIVISION |
| Lot 07 | B0444 P0990 UL97 2502 |
| Park County, Colorado | 35.76-TOTAL ACRES |

("Third Park County Property").

On December 26, 1989, a warranty deed was recorded in the Office of the Clerk and Recorder for Park County, Colorado, conveying title of the following real property from LDS, Inc. to Ronald R. Dawursk:

| T10 R74 S27 NE4 36.94AC | TARRYALL GATE SUBDIVISION |
| Lot 08 | B0444 P0990 UL97 2502 |
| Park County, Colorado | 36.94-TOTAL ACRES |

("Fourth Park County Property").

On December 26, 1989, a warranty deed was recorded in the Office of the Clerk and Recorder for Park County, Colorado, conveying title of the following real property from LDS, Inc. to Ronald R. Dawursk:

| T10 R74 S27 NW4 38.63AC | TARRYALL GATE SUBDIVISION |
| Lot 16 | B0444 P0985 UL97 2502 |
| Park County, Colorado | 38.63-TOTAL ACRES |

("Fifth Park Property").

The First, Second, Third, Fourth, and Fifth Park County Properties, having the descriptions set forth above, are referred to herein collectively as "the Park County Properties."

As set forth above, on November 15, 1999, a delegate of the Secretary of the Treasury made assessments for federal individual income taxes, plus statutory penalties and interest, against Ronald R. Dawursk for the 1994, 1995, and 1996 tax years. Pursuant to 26 U.S.C. §§ 6321 and 6322, liens arose in favor of the United States on that date and attached to all property and rights to property of Ronald R. Dawursk, including his interests in the Park County Properties.

On April 17, 2000, a delegate of the Secretary of the Treasury recorded in the Office of the Clerk and Recorder for Park County, Colorado, a Notice of Federal Tax Lien with respect to the income tax and related assessments made against Ronald R. Dawursk for tax year 1994.

On June 23, 2000, quit claim deeds were recorded in the Office of the Clerk and Recorder for Park County, Colorado, conveying an undivided one-half interest in each of the Park County Properties from Ronald R. Dawursk to the Dolphin Trust, Marianne Wilson, Trustee.

On July 11, 2001, a delegate of the Secretary of the Treasury recorded in the Office of the Clerk and Recorder for Park County, Colorado, a Notice of Federal Tax Lien with respect to the income tax and related assessments made against Ronald R. Dawursk for the tax years 1995 and 1996.

As set forth above, on November 12, 2001, a delegate of the Secretary of the Treasury made assessments for federal individual income taxes, plus statutory penalties and interest, against Ronald R. Dawursk for the tax years 1997 and 1998.

On July 3, 2002, a delegate of the Secretary of the Treasury recorded in the Office of the Clerk and Recorder for Park County, Colorado, a Notice of Federal Tax Lien with respect to the income tax and related assessments made against Ronald R. Dawursk for the tax years 1997 and 1998.

On April 22, 2004, warranty deeds were recorded in the Office of the Clerk and Recorder for Park County, Colorado, conveying an undivided one-half interest in each of the Park County Properties from the Dolphin Trust to "Ronald Richard and Judith Ann."

On May 4, 2004, warranty deeds were recorded in the Office of the Clerk and Recorder for Park County, Colorado, conveying the other undivided one-half interest in each of the five Park County Properties from Ronald R. Dawursk to "Ronald Richard and Judith Ann."

The federal tax lien for the 1994 tax year arose and was perfected against Ronald R. Dawursk's interests in the Park County Properties prior to June 23, 2000, when quit claim deeds were recorded conveying a one-half interest in each of the Park County Properties from Ronald R. Dawursk to the Dolphin Trust. The United States' interests in the Park County Properties are superior to any interests of the Dolphin Trust and superior to the interest(s) of any subsequent transferee of its interests.

The federal tax liens for the 1994, 1995, 1996, 1997 and 1998 tax years arose and were perfected against Ronald R. Dawursk's interests in the Park County Properties prior to May 4, 2004, when warranty deeds were recorded conveying a one-half interest in each of the Park County Properties from Ronald R. Dawursk to "Ronald Richard and Judith Ann."

The United States' interests in the Park County Properties are superior to any interests of Judith A. Dawursk in the Park County Properties.

The United States may foreclose its federal tax liens against the Park County Properties.

A form of judgment consistent with this order is attached hereto and will be entered on February 22, 2008, unless the defendants appear and show good cause why judgment should not enter as set forth therein.

Accordingly, it is

ORDERED that upon failure of any of the defendants to show cause to the contrary on or before February 22, 2008, the clerk shall enter judgment in the form of the Proposed Judgment attached hereto; it is

FURTHER ORDERED that a copy of this order shall be personally served by the United States Marshal on Ronald R. Dawursk and Judith A. Dawursk at 95 Ellsworth Street, Colorado Springs, Colorado, and it is

FURTHER ORDERED that within ten days after entry of judgment, the plaintiff shall submit a proposed order setting forth the procedures by which the sales will be conducted, the notices to be published, and a complete list of persons to whom notice must be given.

Dated: January 22, 2008

BY THE COURT:

s/Richard P. Matsch

Richard P. Matsch, Senior District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 03-cv-00908-RPM

UNITED STATES OF AMERICA,

        Plaintiff,

v.

RONALD R. DAWURSK;
MARIANNE WILSON, as Trustee of Dolphin Trust; and
MARIANNE WILSON, as Trustee of Jade Trust;
JUDITH DAWURSK, a/k/a JUDITH ENGLUND

        Defendants.

## PROPOSED JUDGMENT

In accordance with the Findings, Conclusions and Order, dated January 22, 2008, judgment hereby enters in favor of the United States of America and against the defendant Ronald R. Dawursk, in the amount of $1,705,820.03, as of December 12, 2007, and such additional interest as continues to accrue pursuant to 28 U.S.C. § 1961(c)(1) and 26 U.S.C. § 6621 from that date until paid in full.

Judgment is also entered declaring the following:

As a result of certain tax assessments against Ronald R. Dawursk and Notices of Federal Tax Lien recorded in the Office of the Clerk and Recorder of El Paso County Colorado, the plaintiff has liens against the real property located in El Paso County, Colorado, described as follows:

>Lot 17, BROADMOOR OAKS SUBDIVISION FILING NO. 3, in the City of Colorado Springs, El Paso County, Colorado, according to the plat thereof recorded in Plat Book C-4 at Page 107.

The real property in El Paso County having the above description is referred to herein as "the Residence."

The plaintiff's interests in the Residence are superior to any interests of the Dolphin Trust in such property.

The plaintiff's interests in the Residence are superior to any interests of the Jade Trust in such property.

The plaintiff's interests in the Residence are superior to any interest held by Judith A. Dawursk, with the exception of a 25% interest in the Residence held by Judith A Dawursk.

The plaintiff is authorized to proceed with a foreclosure sale of the Residence.

As a result of certain tax assessments against Ronald R. Dawursk and Notices of Federal Tax Lien recorded in the Office of the Clerk and Recorder of Park County, Colorado, the plaintiff has liens against the five parcels of real property located in Park County, Colorado, described below:

>T10 R74 S22 SW4 35AC           TARRYALL GATE SUBDIVISION
>Lot 1                          B0444 P0985 UL97 2502
>Park County, Colorado          35.00-TOTAL ACRES

("First Park County Property");

>T10 R74 S22 SE4 35.93AC        TARRYALL GATE SUBDIVISION
>Lot 06                         B0444 P0990 UL97 2502
>Park County, Colorado          35.93-TOTAL ACRES

("Second Park County Property");

|  |  |
|---|---|
| T 10 R74 S27 NE4 35.76AC | TARRYALL GATE SUBDIVISION |
| Lot 07 | B0444 P0990 UL97 2502 |
| Park County, Colorado | 35.76-TOTAL ACRES |

("Third Park County Property");

|  |  |
|---|---|
| T10 R74 S27 NE4 36.94AC | TARRYALL GATE SUBDIVISION |
| Lot 08 | B0444 P0990 UL97 2502 |
| Park County, Colorado | 36.94-TOTAL ACRES |

("Fourth Park County Property");

|  |  |
|---|---|
| T10 R74 S27 NW4 38.63AC | TARRYALL GATE SUBDIVISION |
| Lot 16 | B0444 P0985 UL97 2502 |
| Park County, Colorado | 38.63-TOTAL ACRES |

("Fifth Park Property").

The plaintiff's interests in the First, Second, Third, Fourth, and Fifth Park County Properties are superior to any interests of the Dolphin Trust or the Jade Trust in such properties.

The plaintiff's interests in the First, Second, Third, Fourth, and Fifth Park County Properties are superior to any interests of Judith A. Dawursk in such properties.

The plaintiff is authorized to proceed with foreclosure sales of the First, Second, Third, Fourth and Fifth Park County Properties.

Dated: February  , 2008

BY THE COURT:

_____
Richard P. Matsch, Senior District Judge