IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

CIVIL ACTION NO. 03-cv-00908-RPM

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

RONALD R. DAWURSK;
MARIANNE WILSON, as trustee of DOLPHIN TRUST;
MARIANNE WILSON, as trustee of JADE TRUST; and
JUDITH A. DAWURSK, a/k/a JUDITH ENGLUND,

        Defendants.

---

ORDER OF FORECLOSURE AND DECREE OF SALE OF THE PARK PROPERTIES
---

Pursuant to 28 U.S.C. §§ 2001 and 2002 and 26 U.S.C. §§ 7402 and 7403, the Court enters this Order of Foreclosure and Decree of Sale. IT IS HEREBY ORDERED THAT:

1. The United States' federal tax liens against Ronald R. Dawursk, arising out of the Internal Revenue Service assessment of Form 1040 federal income tax liabilities against him for the 1994, 1995, 1996, 1997, and 1998 tax years, and the United States' judgment lien against Ronald R. Dawursk, arising out of the United States' claim to reduce these same assessments to judgment in the above-captioned civil action are foreclosed.

2. An Internal Revenue Service Property Appraisal and Liquidation Specialist ("IRS Specialist"), is authorized and directed under 28 U.S.C. §§ 2001 and 2002 to offer for public sale and to sell the five parcels of real property, including all improvements, buildings, and fixtures on the real property, described as follows (hereinafter the "Property"):

Parcel 1:

Real property located in Park County, Colorado and bearing the following legal description ("First Park Property"):

       T10 R74 S22 SW4 35AC       TARRYALL GATE SUBDIVISION
       Lot 1       B0444 P0985 UL97 2502
       Park County, Colorado       35.00-TOTAL ACRES

Parcel 2:

Real property located in Park County, Colorado and bearing the following legal description ("Second Park Property"):

       T10 R74 S22 SE4 35.93AC       TARRYALL GATE SUBDIVISION
       Lot 06       B0444 P0990 UL97 2502
       Park County, Colorado       35.93-TOTAL ACRES

Parcel 3:

Real property located in Park County, Colorado and bearing the following legal description ("Third Park Property"):

       T10 R74 S27 NE4 35.76AC       TARRYALL GATE SUBDIVISION
       Lot 07       B0444 P0990 UL97 2502
       Park County, Colorado       35.76-TOTAL ACRES

Parcel 4:

Real property located in Park County, Colorado and bearing the following legal description ("Fourth Park Property"):

| T10 R74 S27 NE4 36.94AC | TARRYALL GATE SUBDIVISION |
| Lot 08 | B0444 P0990 UL97 2502 |
| Park County, Colorado | 36.94-TOTAL ACRES |

Parcel 5:

Real property located in Park County, Colorado and bearing the following legal description ("Fifth Park Property"):

| T10 R74 S27 NW4 38.63AC | TARRYALL GATE SUBDIVISION |
| Lot 16 | B0444 P0985 UL97 2502 |
| Park County, Colorado | 38.63-TOTAL ACRES |

An IRS Specialist shall make the arrangements for any sale as set forth in this Order.

    3. An IRS Specialist is authorized to have free access to the Property and to take all actions necessary to preserve the Property, including, but not limited to, retaining a locksmith or other person to change or install locks or other security devices on any part of the Property, until the deed(s) to the Property is delivered to the ultimate purchaser.

    4. The terms and conditions of the sale are as follows:

        a. the sale of the Property shall be free and clear of the interests of Ronald R. Dawursk, Judith A. Dawursk, Marianne Wilson, as trustee of Dolphin Trust, and Marianne Wilson, as trustee of Jade Trust.

b.  the sale shall be subject to building lines, if established, all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the Property, and easements and restrictions of record, if any;

c.  the sale shall be held at the Park County Courthouse, which is located at Park County Administration Building, 501 Main Street, Fairplay, Colorado 80440;

d.  the date and time for sale are to be announced by the IRS Specialist;

e.  notice of the sale shall be published once a week for at least four consecutive weeks before the sale in the Fairplay Flume, which is a newspaper regularly issued and of general circulation in Park County, and, at the discretion of the IRS Specialist, by any other notice deemed appropriate.  The notice shall contain a description of the Property and shall contain the terms and conditions of sale in this order of sale;

f.  The minimum bid will be set by the Internal Revenue Service.  If the minimum bid is not met or exceeded, the IRS Specialist may, without further permission of this Court, and under the terms and conditions in this order of sale, hold a new public sale, if necessary, and reduce the minimum bid or sell to the second highest bidder;

g.  the successful bidder(s) shall be required to deposit at the time of the same with the IRS Specialist a minimum of ten percent of the bid, with the deposit to be made by certified or cashier's check payable to the United States District Court for the District of Colorado.  The recipient of the funds, on the next business day after receipt of the deposit, shall deposit the same with the United States District Court for the District of Colorado with regard to the above-captioned case.

Before being permitted to bid at the sale, bidders shall display to the IRS Specialist proof that they are able to comply with this requirement. No bids will be received from any person(s) who have not presented proof that, if they are the successful bidders(s), they can make the deposit required by this order of sale;

  h. the balance of the purchase price for the Property is to be paid to the IRS Specialist within 20 days after the date the bid is accepted, by a certified or cashier's check payable to the United States District Court for the District of Colorado. The recipient of the funds, on the next business day after receipt of the balance of the purchase price, shall deposit the same with the United States District Court for the District of Colorado with regard to the above-captioned case. If the bidder fails to fulfill this requirement, the deposit shall be forfeited and shall be applied to cover the expenses of the sale, including commissions due under 28 U.S.C. § 1921(c), with any amount remaining to be applied to the income tax liabilities of Ronald R. Dawursk at issue herein. The realty shall be again offered for sale under the terms and conditions of this order of sale. The United States may bid as a credit against its judgment without tender of cash;

  i. the sale of the Property shall be subject to confirmation by this Court. The IRS Specialist shall file a report of sale with the Court, together with a proposed order of confirmation of sale and proposed deed, within 20 days from the date of receipt of the balance of the purchase price;

  j. on confirmation of the sale, the IRS Specialist shall execute and deliver a deed of judicial sale conveying the Property to the purchaser;

k. on confirmation of the sale, all interests in, liens against, or claims to, the Property that are held or asserted by all parties to this action are discharged and extinguished;

l. on confirmation of the sale, the recorder of deeds in Park County, Colorado shall cause transfer of the Property to be reflected upon that county's register of title; and

m. the sale is ordered pursuant to 28 U.S.C. § 2001, and is made without right of redemption.

5. Until the Property is sold, Ronald R. Dawursk shall take all reasonable steps necessary to preserve the Property (including all buildings, improvements, fixtures and appurtenances on the property) in its current condition. He shall not commit waste against the property or cause or permit anyone else to do so. He shall not do anything that tends to reduce the value or marketability of the Property or cause or permit anyone else to do so. The defendant Ronald R. Dawursk shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements or posting signs) that may directly or indirectly tend to adversely affect the value of the Property or that may tend to deter or discourage potential bidders from participating in the public auction, and shall not cause or permit anyone else to do so.

6. All persons occupying the Property shall leave and vacate the Property permanently within 30 days of the date of this Order, each taking with them his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the property). If any person fails or refuses to leave and vacate the Property by the time specified in this Order, the United States Marshal's Office, alone, is authorized to take whatever action it deems appropriate to

remove such person from the premises, even though the sale of such property is being conducted by an IRS Specialist. If any person fails or refuses to remove his or her personal property from the Property by the time specified herein, the personal property remaining on the Property thereafter is deemed forfeited and abandoned, and the IRS Specialist is authorized to remove it and to dispose of it in any manner it deems appropriate, including sale, in which case the proceeds of the sale are to be applied first to the expenses of sale and the balance to be paid into the Court for further distribution.

The proceeds arising from sale are to be paid to the Clerk of this Court and applied as far as they shall be sufficient to the following items, in the order specified:

a. To the IRS Specialist for the costs of the sale;

b. To all taxes unpaid and matured that are owed for real property taxes on the Property and any other unpaid local taxes;

c. To the United States to satisfy the outstanding federal income taxes of Ronald R. Dawursk for the tax years 1994, 1995, 1996, 1997, and 1998, plus all interest and penalties due and owing thereon;

d. Any balance remaining after the above payments shall be held by the Clerk until further order of the Court.

DATED this 17th day of July, 2008.

BY THE COURT

Richard P. Matsch

RICHARD P. MATSCH

Senior District Judge